United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECOLOGICAL RIGHTS FOUNDATION,<br>Plaintiff,<br>v.<br>UNITED STATES FISH AND WILDLIFE SERVICE,<br>Defendant. | Case No. 26-cv-03061-TSH<br>Case No. 26-cv-07858-TSH<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE**<br><br>Re: Dkt. No. 21 |

## I. INTRODUCTION

Plaintiff Ecological Rights Foundation (EcoRights) moves to consolidate these related Freedom of Information Act (FOIA) actions under Federal Rule of Civil Procedure 42. ECF No. 21. Defendant United States Fish and Wildlife Service (FWS) does not oppose consolidation but asks the Court to preserve its objections concerning attorney's fees and costs and to clarify the effect of consolidation on any subsequent fee request. ECF No. 23. EcoRights filed a reply opposing FWS's fee-related requests. ECF No. 24. For the reasons stated below, the Court **GRANTS** the motion.[1]

## II. BACKGROUND

### A. The First FOIA Request and *EcoRights I* (26-3061)

On February 17, 2026, EcoRights submitted a FOIA request to FWS seeking records relating to the County of San Luis Obispo's Lopez Project along and near Arroyo Grande Creek, including records concerning the 2025 Lopez Dam habitat conservation plan, for the period from

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 10-11 (3061 case); 6, 15 (7858 case).

January 1, 2025 through the date of the request. *EcoRights I* Compl. ¶¶ 1, 4, 35, ECF No. 2. On March 24, 2026, FWS acknowledged the request and stated that it did not expect to issue a determination until October 23, 2026. *Id.* ¶ 38.

EcoRights filed *EcoRights I* on April 9, 2026. The complaint asserts five FOIA claims: (1) constructive denial and unlawful withholding based on FWS's failure to make a timely determination; (2) unlawful withholding of records not subject to a FOIA exemption; (3) failure to conduct an adequate search; (4) failure to use a FOIA tracking system; and (5) failure to provide an estimated completion date. *Id.* ¶¶ 45–64. On May 20, 2026, FWS answered the complaint (ECF No. 12) and produced responsive records, releasing most in full and withholding portions of others under FOIA Exemptions 5 and 6. *EcoRights II* Compl. ¶ 43, ECF No. 1. The parties then met and conferred regarding the adequacy of FWS's search and its withholdings, and they have proposed competing schedules for cross-motions for summary judgment. *EcoRights I*, ECF No. 18 at 2, 5–7.

**B. The Second FOIA Request and *EcoRights II* (26-7858)**

On June 26, 2026, EcoRights submitted a second FOIA request to FWS concerning the same Lopez Project and 2025 Lopez Dam habitat conservation plan. The second request substantially overlaps the first but covers a later period, beginning February 18, 2026 and extending through the date of FWS's search, and seeks certain additional categories of records. *EcoRights II* Compl. ¶¶ 1, 4, 46, ECF No. 1. On July 6, 2026, FWS informed EcoRights that it expected to issue a final determination by March 1, 2027. *Id.* ¶ 49.

EcoRights filed *EcoRights II* on July 28, 2026. The complaint asserts five claims that parallel the claims in *EcoRights I* as applied to the second request, *id.* ¶¶ 62–81, and a sixth claim alleging that FWS engages in an unlawful pattern or practice of delay, which rests in part on FWS's handling of the first request, *id.* ¶¶ 55–60, 82–89. FWS answered on September 9, 2026. *EcoRights II*, ECF No. 13. The same day, FWS issued what it described as its final determination on the second request and produced records, with redactions under Exemptions 5 and 6. Fox Decl. ¶ 7, *EcoRights I*, ECF No. 21-1.

United States District Court
Northern District of California

**C. Procedural History**

After filing *EcoRights II*, EcoRights filed an administrative motion to consider whether the cases should be related. *EcoRights I*, ECF No. 17. FWS did not oppose relation but took the position that, in the interest of efficiency, EcoRights should have amended its complaint in *EcoRights I* rather than filing a new lawsuit. ECF No. 17-1 ¶ 4. The Court related the cases and ordered the parties to file a single joint case management statement and to appear for a joint case management conference on October 15, 2026. *EcoRights I*, ECF Nos. 19-20; *EcoRights II*, ECF Nos. 9, 11.

EcoRights filed the present motion on September 10, 2026. The Court subsequently vacated the case management conference pending resolution of the motion. ECF No. 22.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) permits a district court to consolidate actions that involve a common question of law or fact. "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 584 U.S. 59, 77 (2018); *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under this rule to consolidate cases pending in the same district."). Even where actions share a common question, consolidation is permissive rather than mandatory. *See Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016). In exercising its discretion, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.), *on reh'g,* 753 F.2d 1081 (9th Cir. 1984). "The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation." *Miller v. Ventro Corp.*, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001).

## IV. DISCUSSION

**A. Common Questions of Law and Fact**

The actions satisfy Rule 42(a)'s common question requirement. Both name EcoRights and FWS and arise from requests for records concerning the same Lopez Project and habitat conservation plan. Although they cover different time periods and the second requests additional

categories of records, their subject matter substantially overlaps. *Compare EcoRights I* Compl. ¶ 4, with *EcoRights II* Compl. ¶ 4. The first five claims in each action assert parallel FOIA theories concerning timeliness, withholding, search adequacy, tracking, and estimated completion dates. *Compare EcoRights I* Compl. ¶¶ 45–64, *with EcoRights II* Compl. ¶¶ 62–81. The additional pattern-or-practice claim in *EcoRights II* also refers to FWS's handling of the first request. *EcoRights II* Compl. ¶¶ 55–56, 82–89. FWS does not dispute the commonality and does not oppose consolidation.

**B. Balance of Efficiency Against Delay, Confusion, and Prejudice**

Consolidation will facilitate coordinated case management and adjudication of overlapping questions concerning FWS's searches and withholdings. The parties anticipate summary judgment proceedings in *EcoRights I*. ECF No. 18 at 5–7. A single briefing schedule and coordinated filings should reduce unnecessary duplication while preserving the distinct issues associated with each request, including the additional categories of records and pattern-or-practice claim in *EcoRights II*.

FWS argues that separate litigation and the present motion were unnecessary because the Court already related the cases and coordinated their case management schedules. Opp'n at 2–4. EcoRights responds that FWS made the motion necessary by declining to stipulate to consolidation and that EcoRights could not amend its complaint in *EcoRights I* as of right. Reply at 5–6.

FWS's objections do not identify prejudice caused by consolidation itself. Both cases are assigned to the same judge, FWS has answered both complaints, and no dispositive-motion schedule has been set. The Court finds that consolidation will serve judicial economy without material delay or prejudice. Whether fees or costs incurred in pursuing separate litigation or consolidation were reasonable is a different question, as addressed below. And the Court need not resolve the parties' competing accounts of which side's litigation choices caused any inefficiency, as that dispute bears only on fees.

**C. FWS's Fee-Related Requests**

FWS asks the Court to (1) recognize that its non-opposition to consolidation is not a

United States District Court
Northern District of California

concession that EcoRights may recover fees or costs for filing *EcoRights II* or for the motions to relate and consolidate, and (2) clarify that EcoRights' eligibility for and entitlement to fees under 5 U.S.C. § 552(a)(4)(E) will be analyzed independently for each case. Opp'n at 2-4. EcoRights responds that both requests are premature because no fee motion is before the Court, that FWS has already preserved its fee defenses in its answers, and that analyzing eligibility and entitlement separately would produce duplication and confusion given the overlapping facts and legal issues in the two cases. Reply at 2–4. Both parties agree that any contested fee dispute should be presented in a single motion. Opp'n at 4 n.3; Reply at 2.

As to the first request, no fee motion is before the Court. The question presented by the current motion is whether consolidation is appropriate under Rule 42(a), not whether EcoRights is eligible for or entitled to fees or whether particular work was reasonably expended. FWS's non-opposition to consolidation is not a concession on any of those questions, and nothing in this Order resolves them. The Court likewise declines to prescribe in advance whether any future fee motion must analyze the two actions separately or together. That issue is better addressed, if necessary, on a developed fee record and in light of the claims and relief actually at issue at that time.

As to the second request, consolidation does not alter the fee analysis. Consolidation "is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933); *see Hall*, 584 U.S. at 77 (explaining that cases consolidated under Rule 42(a) "retain their separate identities at least to the extent that a final decision in one is immediately appealable by the losing party"). And eligibility for FOIA fees is assessed with reference to the relief obtained on the claims for which fees are sought. *See Or. Nat. Desert Ass'n v. Locke*, 572 F.3d 610, 614, 618–19 (9th Cir. 2009) (holding that a FOIA plaintiff that prevailed on three claims was eligible for fees on only one of them). Accordingly, the Court preserves all parties' fee arguments without resolving them. Nothing in this Order determines fee eligibility, entitlement, or reasonableness, or dictates the form or analytical structure of any future fee motion.

United States District Court
Northern District of California

## V. CONCLUSION

For the reasons stated above, the motion to consolidate is **GRANTED**. Case Nos. 3:26-cv-03061-TSH and 3:26-cv-07858-TSH are **CONSOLIDATED** for all purposes of case management and proceedings before this Court, with Case No. 3:26-cv-03061-TSH designated the lead docket. All future filings shall be made in the lead docket only, unless the Court orders otherwise, and shall bear both case numbers. The Clerk shall docket this Order in both actions and administratively close Case No. 3:26-cv-07858-TSH. The complaints and answers in both actions remain operative; no consolidated complaint is required, but the parties may file a stipulation and proposed order requesting leave to file a consolidated complaint and consolidated answer. Consolidation does not adjudicate any claim or defense, merge the actions for final-judgment purposes, or determine any issue of fees or costs.

The Court sets a case management conference for November 19, 2026 at 10:00 a.m. A joint case management conference statement is due November 12, 2026.

**IT IS SO ORDERED.**

Dated: October 21, 2026

THOMAS S. HIXSON
United States Magistrate Judge